**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**EDDIE THOMAS, ET AL.**                                                  **PLAINTIFFS**

**VS.**                        **CIVIL ACTION NO.: 2:12-cv-121-MPM-JMV**

**US BANK, ET AL.**                        **DEFENDANTS**

## ORDER

This matter comes before the court on Defendant US Bank's Motion to Dismiss for Failure to State a Claim [18]. Plaintiffs Eddie Thomas and Elizabeth Thomas, who assert various alleged causes of action arising from the asserted wrongful foreclosure of their home, have not responded in opposition. The court has considered the motion and finds it is well taken for the reasons hereafter discussed.

First, as in *Taylor v. Ocwen Loan Servicing*, LLC, No. 2:12–CV–107–SA–JMV, 2013 WL 494076 at *4 (N.D. Miss. Feb. 7, 2013) and Smith *v. Bank of America*, N.A., No. 2:11-CV-120–MPM–JMV, 2012 WL 4320845 at * 11 (N.D. Miss. Sep. 20, 2012) where the *virtually identical Complaint* was used, the instant complaint identifies only non-cognizable or implausible claims. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009). But, the court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556

U.S. at 678-79. A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 255-57. If there are insufficient factual allegations to raise a right to relief above the speculative level, the claim must be dismissed. *Twombly*, 550 U.S. at 555. For the same reasons articulated by the court in *Smith* and *Taylor,* the instant complaint fails to state a cognizable claim.

Secondly, the borrowers here are judicially estopped from arguing the subject promissory note is unenforceable, having twice reaffirmed it in their prior bankruptcy proceeding. The first of these bankruptcies was initiated by a Chapter 7 petition on September 24, 1999. During that Chapter 7 proceeding, the Thomases specifically agreed to pay certain arrearages owed on the subject mortgage. The second bankruptcy – which was filed by Mrs. Thomas only – was initiated by a Chapter 13 petition on August 6, 2004. During that proceeding, Ms. Thomas again specifically acknowledged the validity of the subject debt and agreed to pay it.

Thirdly, the borrowers have not served US Bank with process. On February 11, 2013, an executed return was filed purporting to reflect service on US Bank. That return, however, was served on another entity. Indeed, the return admits as much, stating it was served on a party by a different name but at the same address. Significantly, the return lists as the relevant address as one in Florida. But US Bank is a Delaware corporation with its principal place of business in

Minnesota. US Bank has not been served with process. Because this lawsuit was first filed on November 5, 2013, the 120-day limitation for serving process has expired.

Finally, in view of the Plaintiffs' pro se status, the court will instruct the court clerk to withhold entry of this dismissal for twenty one (21) days from the date hereof, and the Thomases will be allowed an additional fourteen (14) days from the date hereof to respond to the Motion to Dismiss. Such a response should rebut the reasons for dismissal recognized in the *Smith* and *Taylor* cases, copies of which are simultaneous herewith being provided to Plaintiffs. Should the Plaintiffs elect to respond, the court will reconsider its findings in light of the response. If the Plaintiffs do not respond with merit, this case will be dismissed at the conclusion of the twenty one day period.

**IT IS, THEREFORE, ORDERED**:

(1) Entry of judgment of dismissal of all claims against all defendants will be withheld for twenty one (21) days; and

(2) The Plaintiffs will be allowed fourteen (14) days from the date hereof to respond to the Motion to Dismiss with a meritorious argument.

**SO ORDERED**, this the 11th day of December 2013.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**